IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DANIEL LEE KNOD, #1593785 | § | |
| VS. | § | CIVIL ACTION NO. 6:11cv140 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER

On March 23, 2011, Petitioner, proceeding *pro se* and seeking to proceed *in forma pauperis*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket entries #1 & 2). The case was referred to Magistrate Judge Judith K. Guthrie pursuant to 28 U.S.C. § 636(b).

The petition in this case purports to challenge both a parole revocation proceeding and a disciplinary proceeding. The filing consisted of 69 pages, including reproduced portions of a Texas Department of Criminal Justice ("TDCJ") policy manual and a decision of the United States Court of Appeals for the Fifth Circuit. The pleading also includes a form petition and a separate statement of facts, by itself totaling 44 pages. Eastern District of Texas Local Rule CV-3 limits *pro se* filings to 20 pages, including attachments:

> Absent permission obtained from the presiding judge, all documents filed by pro se prisoners and pro se non-prisoners are limited to twenty pages, including attachments.

*See* L.R. CV-3(b). Petitioner did not seek leave to file an over-length document in this case. Further, he also purported to incorporate by reference a number of documents and exhibits from a separate case styled *Knod v. Director, TDCJ-CID*, Case No. 6:10cv22.

The Magistrate Judge ordered the petition as it was submitted stricken and directed Petitioner

to file a new petition within 30 days, conforming to L.R. CV-3(b). *See* docket entry #5. In her Order, the Magistrate Judge cited several reasons for striking the petition as filed, including that it exceeded the length limitation of L.R. CV-3(b); it did not contain sufficient information regarding the facts of Petitioner's case; it purported to impermissibly incorporate by reference documents from another case; and did not contain a "Ground Seven," to which the petition referred on page seven.

Petitioner has not filed a conforming petition, but has requested an extension of time in which to do so and has filed a number of substantive motions instead. These include, in the same document (docket entry #9), a Motion for Reconsideration; a Motion for Declaratory Judgment; a Motion to Disqualify the Magistrate Judge; a Motion for Reproduction of Record; and, a Motion for Appointment of Counsel. In this Memorandum Opinion, the Court addresses only the Motion for Reconsideration of the Magistrate Judge's Order striking the original petition and that portion of the Motion for Extension of Time addressing the time limit for objecting to the Order. Petitioner's remaining motions will be addressed separately.

Petitioner cites 28 U.S.C. § 636(b)(1) as the basis for his motion. Therefore, he is seeking a *de novo* review of the Magistrate Judge's Order by this Court. More properly, Fed. R. Civ. P. 72(a) governs such review of a nondispositive pre-trial determination. In either case, the motion should be made within 14 days of the matter for which review is sought. In this case, the Magistrate Judge's Order issued on March 31, 2011, and Petitioner filed his motion on May 4, 2011. Included with this motion, Petitioner also seeks an extension of time, stating that the Magistrate Judge's Order "failed to inform [him] he could file written objections or a motion for reconsideration within (10) days after being served a copy of the Order . . . ." Motion for Extension of Time (docket entry #9) at 9. As noted above, the period is now 14 days, not 10. Regardless, the Court will grant the extension of

time in the interests of justice and review Petitioner's motion for reconsideration.

Federal law affords a Magistrate Judge broad discretion in the resolution of non-dispositive pretrial matters. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). "This Court may modify or set aside a magistrate judge's order only if it is clearly erroneous or contrary to law." *See Atel Maritime Investors, LP v. Sea Mar Management, LLC*, 2010 WL 2654440, at *1 (E.D. La. June 25, 2010) (citing Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir.1995)). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 946 (1948).

Here, Petitioner admits he filed a petition that is significantly longer than is permitted without leave to file. In addition to the 69 pages filed, it also incorporated by reference additional documents from another case, adding to its length. Petitioner complains that the page limit is too restrictive, and in a separate motion he seeks declaratory judgment on that point. That issue will be addressed separately. Here, however, the Court notes that the United States Court of Appeals for the Fifth Circuit recently discussed Local Rule CV-3(b). That Court limited its comments to observing that Federal Rule of Civil Procedure 5(d)(4) does not allow a clerk of court to refuse to accept a filing, notwithstanding L.R. CV-3(b). *See Marquez v. Woody*, USCA Case No. 10-40378, at 11 n.11 (5th Cir. Sept. 6, 2011) ("The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice," quoting Fed. R. Civ. P. 5(d)(4)). Here, the clerk did not refuse to file Petitioner's papers; they were docketed as docket entries #1 and 2. The Court, not a clerk, subsequently ordered them stricken for a number of reasons, including L.R. CV-

3(b). An order of that nature is amply supported by the axiom that "a federal district court has both specific and inherent power to control its docket." *See Miller v. Thaler*, 2011 WL 3209879, at *1 (5th Cir. July 28, 2011) (quoting *In re United Markets Int'l, Inc.*, 24 F.3d 650, 654 (5th Cir. 1994)). That power in this case is reflected in the managerial function of L.R. CV-3(b). That local rule limits the size of pleadings submitted by *pro se* litigants who, as Petitioner himself admits, are not lawyers trained in legal drafting. Regardless, Local Rule CV-3(b) is not inflexible. As with most Local and Federal Rules of a procedural nature, it may be exceeded or expanded by leave of Court. Petitioner did not seek leave of Court and still does not show good cause why his excessive pleadings should be accepted.

First, Rule 8 of the Federal Rules of Civil Procedure states that a claim for relief, which includes this habeas petition, "must contain . . . a short and plain statement of the grounds for the court's jurisdiction . . . showing that the pleader is entitled to relief; and . . . a demand for the relief sought . . . ." *See* Fed. R. Civ. P. 8(a)(1)-(3). Petitioner's filing does not meet this standard. In fact, he has not followed the explicit instructions on the habeas petition form, which repeatedly tells the applicant to "[s]ummarize <u>briefly</u> the facts supporting each ground," Petition at 6, ¶ 20, and to provide "[s]upporting FACTS (tell your story <u>briefly</u> *without citing cases or law*)[.]" *Id.* at 7-8 (emphasis in italics added) (stated under each blank for a ground for relief). Petitioner did not comply with a brief statement of facts, but a lengthy and unnecessary legal argument more appropriately filed when and if Respondent challenges his grounds for relief.

Second, Petitioner complains that the Magistrate Judge refused to accept materials he incorporated by reference pursuant to Fed. R. Civ. P. 10(c) out of economy and to avoid having to reproduce documents he used in another case. Rule 10(c) states that "[a] statement in a pleading may

be adopted by reference elsewhere in the same pleading or in any other pleading or motion." However, the Fifth Circuit has addressed this precise circumstance recently. *See Gooden v. Crain*, 255 Fed. Appx. 858, 862 (5th Cir. 2007) (per curiam). There, a prisoner litigant filed a civil rights lawsuit and attempted to incorporate certain filings and claims from a previous, unrelated case without making them an exhibit or filing them in the lawsuit. The Fifth Circuit disallowed this practice, stating:

> Finally, Gooden argues that the magistrate judge's failure to consider his state law claims was an abuse of discretion. Gooden's state law claims were set forth in *Gooden v. Stringfellow*, 6:02-cv-452, a case that was dismissed prior to his instant suit. Gooden attempted to incorporate his pleadings from that case without attaching them as an exhibit to the pleadings in the instant case. Such incorporation is not contemplated by Fed. R. Civ. P. 10(c). The magistrate judge's decision to consider those claims was not an abuse of discretion.

*Gooden*, 255 Fed. Appx. at 862. The same precept applies here. Petitioner may not simply refer to documents in a separate case, no matter how similar he believes it is, and incorporate them into his instant petition. He is essentially tasking the Court to examine the records of the other case to divine his intent and meaning. In doing so, he leaves his instant petition incomplete and lacking in information, as the Magistrate Judge stated in her Order. The Magistrate Judge did not err in refusing to consider the purportedly incorporated material.

Third, although the Magistrate Judge stated that Petitioner's Ground Seven did not appear to be attached to his petition, in fact it was. As Petitioner has voiced concern that his Ground Seven may have been lost, he may rest easy. However, it does not help him. On page seven of the petition, under the blank for "Ground One," Petitioner referred to Ground Six and wrote, "Petitioner incorporates by reference facts and evidence from proposed Ground Six here," and also referred to the material in his previous case. Under the blank for "Ground Two," he referred to Ground Seven,

and again wrote, "Petitioner incorporates by reference facts and evidence from . . . attached Ground Seven," along with material from his previous case. No other blanks are filled in. Following page nine of the preprinted form, Petitioner attached a handwritten Ground Six. However, there was no attached Ground Seven anywhere in the documents filed in docket entry #1. In the volume of handwritten material filed in docket entry #2, however, following 32 pages of a purported statement of facts, there appears the title "Ground Seven," which is then followed by several more pages of a statement of facts. Petitioner appears to have filed this Ground Seven separately from the remainder of his grounds for relief. However, as discussed above, this leaves the statements of Grounds One and Two incomplete and there is nothing at all between Ground Two and the attached Ground Six. The Court is left to speculate how many different grounds for relief Petitioner is asserting and what they specifically are. Again, the Magistrate Judge was correct in stating that the petition was not completely filled in.

On these findings, the Court is not "left with the definite and firm conviction that a mistake has been committed." *U.S. Gypsum Co.*, 333 U.S. at 395. Therefore, the Order of the Magistrate Judge striking this petition and requiring Petitioner to file a new petition within 30 days is affirmed; Petitioner shall file his petition in accordance with that Order within 30 days of receipt of this Memorandum Opinion or be subject to dismissal for failure to prosecute and failure to obey an order of the Court.

It is therefore

**ORDERED** that Petitioner's Motion for Extension of Time is **GRANTED** to the extent that the Court finds his objections timely for the purposes of Fed. R. Civ. P. 72(a). It is further

**ORDERED** that Petitioner's Motion for Reconsideration (docket entry #9) is hereby

**DENIED**. It is finally

**ORDERED** that Petitioner shall file an amended petition conforming to the Order of the Magistrate Judge within 30 days of receipt of this Memorandum Opinion. Failure to do so may result in the dismissal of the petition and the above-styled action.

**It is SO ORDERED.**

**SIGNED this 13th day of September, 2011.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE