IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DANIEL LEE KNOD, #1593785 | § | |
| VS. | § | CIVIL ACTION NO. 6:11cv140 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM OPINION AND ORDER

On March 23, 2011, Petitioner, proceeding *pro se* and seeking to proceed *in forma pauperis*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket entries #1 & 2). The case was referred to Magistrate Judge Judith K. Guthrie pursuant to 28 U.S.C. § 636(b).

The petition in this case purports to challenge both a parole revocation proceeding and a disciplinary proceeding. The filing consisted of 69 pages, including reproduced portions of a Texas Department of Criminal Justice ("TDCJ") policy manual and a decision of the United States Court of Appeals for the Fifth Circuit. The pleading also includes a form petition and a separate statement of facts, by itself totaling 44 pages. Eastern District of Texas Local Rule CV-3 limits *pro se* filings to 20 pages, including attachments. Petitioner did not seek leave to file an over-length document in this case. Further, he also purported to incorporate by reference a number of documents and exhibits from a separate case styled *Knod v. Director, TDCJ-CID*, Case No. 6:10cv22.[1]

The Magistrate Judge ordered the petition as it was submitted stricken and directed Petitioner

---

[1] Petitioner's habeas petition in case no. 6:10cv22 and the instant case appear to be regarding two separate disciplinary cases. That will be confirmed when Petitioner files his amended petition in the instant case.

1

to file a new petition within 30 days, conforming to L.R. CV-3(b). *See* docket entry #5. In her Order, the Magistrate Judge cited several reasons for striking the petition as filed, including that it exceeded the length limitation of L.R. CV-3(b); it did not contain sufficient information regarding the facts of Petitioner's case; and it purported to impermissibly incorporate by reference documents from another case.

Petitioner did not file a conforming petition, but requested an extension of time in which to do so and concurrently filed a number of substantive motions all in one omnibus document (docket entry #9). These include a Motion for Reconsideration; a Motion for Declaratory Judgment; a Motion to Disqualify the Magistrate Judge; a Motion for Reproduction of Record; and, a Motion for Appointment of Counsel. On September 13, 2011, this Court issued a Memorandum Opinion and Order addressing only Petitioner's Motion for Reconsideration, treated as a motion for *de novo* review pursuant to Fed. R. Civ. P. 72(a), and granting his request for an extension of time to file an amended petition. *See* Docket Entry #15. Because Petitioner seeks a declaratory judgment and because the issues are intermingled with the undersigned District Judge's *de novo* review pursuant to Rule 72(a), the undersigned now supplements its earlier Memorandum Opinion and Order and addresses the remaining issues raised in Petitioner's omnibus motion. In that light, the Court will also address Petitioner's associated Motion for Speedy Hearing (docket entry #10) and letter motion seeking a ruling (docket entry #11).

I. **DECLARATORY JUDGMENT**

Petitioner first seeks a declaratory judgment that Eastern District Local Rule CV-3 is unconstitutional "insofar as it attempts to limit the filing of an original petition for writ of habeas corpus to (20) pages without permission. . . ." Motion at 5. Local Rule CV-3 states:

2

> Absent permission obtained from the presiding judge, all documents filed by pro se prisoners and pro se non-prisoners are limited to twenty pages, including attachments.

*See* Local Rule CV-3(b). Therefore, the Local Rule states an essentially managerial function in control of the Court's dockets. In this case, the Clerk accepted and docketed Petitioner's overly long and deficient petition, consistent with the recent holding of the United States Court of Appeals for the Fifth Circuit's brief discussion of Local Rule CV-3(b) in *Marquez v. Woody*, 2011 WL 3911080, at *10 n.11 (5th Cir. Sept. 6, 2011) (simply requiring that the Court's Clerk may not refuse to accept a filing because it is not in the form required by a local rule), and the Magistrate Judge reviewed it prior to ordering it stricken and an amended petition filed. Petitioner nonetheless contends that the length requirement of Local Rule CV-3(b) itself is unconstitutional as applied to federal habeas corpus petitions.

> The Declaratory Judgment Act states in pertinent part:
>
> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

*See* 28 U.S.C. § 2201(a) (inapplicable exceptions omitted). The statute uses permissive, not mandatory, language. *American Federation of State, County, and Mun. Employees, Local 59 v. El Paso City/County Health District*, 198 F.3d 240, 1999 WL 824479, at *3 (5th Cir. 1999). "The district court has broad discretion to grant (or decline to grant) declaratory judgment." *Winton v. Seven Falls Co.*, 41 F.3d 934, 935 (5th Cir. 1994) (citing *Torch, Inc., v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991)), *aff'd*, 515 U.S. 277, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995). Decisions of the district court will be reviewed under the abuse of discretion standard. *Id.* (citing *Rowan Cos. v.*

3

*Griffin*, 876 F.2d 26, 29 (5th Cir. 1989)).

Here, Petitioner relies on *Ex parte Hull*, 312 U.S. 546, 548-49, 61 S. Ct. 640, 85 L. Ed. 1034 (1941), in support of his contention that the 20-page limitation is unconstitutional as applied to a federal habeas petition. There, a prison warden had imposed a regulation on prisoners filing court briefs that all such briefs would have to first be submitted to prison officials for review and approval as to form before being submitted to the federal court. Disapproved documents, including federal habeas petitions, would be returned to the prisoner. *Id*. The Supreme Court held that regulation to be invalid because a "state and its officers may not abridge or impair petitioner's right to apply to a federal court for a writ of habeas corpus." *Id*. at 549; *see also Crowder v. Sinyard*, 884 F.2d 804, 811 (5th Cir. 1989), *cert. denied*, 496 U.S. 924, 110 S. Ct. 2617, 110 L. Ed. 2d (1991). That precept applies to a state's attempt to curtail access to federal court, however, not the managerial power of the federal court itself. As the Supreme Court went on to add, "[w]hether a petition for writ of habeas corpus addressed to a federal court is properly drawn and what allegations it must contain are questions *for that court alone to determine*." *Ex parte Hull*, 312 U.S. at 549 (emphasis added). In this case, no state agency has imposed any restriction or filter on Petitioner's ability to access this Court; indeed, his very petition demonstrates that. Instead, the Court itself imposed its managerial authority to limit the volume of the filing in Petitioner's case and exclude unnecessary and superfluous material while requiring the inclusion of certain essential information at the initial pleading stage. As the Court stated in its Memorandum Opinion and Order of September 13, 2011:

> An order of that nature is amply supported by the axiom that "a federal district court has both specific and inherent power to control its docket." *See Miller v. Thaler*, 2011 WL 3209879, at *1 (5th Cir. July 28, 2011) (quoting *In re United Markets Int'l, Inc.*, 24 F.3d 650, 654 (5th Cir. 1994)). That power in this case is reflected in the managerial function of L.R. CV-3(b). That local rule limits the size of pleadings submitted by *pro se* litigants who, as Petitioner

himself admits, are not lawyers trained in legal drafting.

*See id*. at 4. As the Court further noted, exercise of Local Rule CV-3(b) is not inflexible and page limits may be exceeded for good cause shown. This function is wholly consistent with *Ex parte Hull*, 312 U.S. at 549, on which Petitioner relies. However, here, Petitioner has made no such showing of good cause, or even an effort to do so. Indeed, his original petition was disjointed with superfluous material and yet incomplete by its attempt to incorporate by reference documents that do not appear in this case. The exercise of the Court's managerial function to require him to file an amended petition, consistent with the Court's internal rules, was appropriate.

Petitioner further contends, without explanation, that this Local Rule has "violated his right to due process, denied him access to the court, operated as a suspension of the writ of habeas corpus, and undermined the prison mailbox rule." Motion at 5-6. He does not argue these points, but merely cites to a string of authorities, including 28 U.S.C. § 2202; *Wright v. Dickson*, 336 F.2d 878 (9th Cir. 1964), *cert. denied*, 386 U.S. 1012, 87 S. Ct. 1360, 18 L. Ed. 2d 444 (1967); Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (the "Habeas Rules"); and U.S. Const. art. I, § 9, cl. 2 and U.S. Const. amend. V.

First, 28 U.S.C § 2202 does not aid Petitioner's claim. In full, it states:

> Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.

*See id*. The statute simply provides that "a declaratory judgment might serve as the basis for issuance of a later injunction to give effect to the declaratory judgment . . . ." *See Steffel v. Thompson*, 415 U.S. 452, 461 n.11, 94 S. Ct. 1209, 39 L. Ed. 2d 505 (1974); *see also Bauhous USA, Inc. v. Copeland*, 292 F.3d 439, 449 & n.18 (5th Cir. 2002) ("as the Declaratory Judgment Act

5

provides, a successful declaratory plaintiff may seek '[f]urther necessary or proper relief' to enforce a declaratory judgment."). It does not provide a basis in support of Petitioner's claims herein.

Next, Petitioner's citations to the Ninth Circuit case of *Wright*, *supra*, and Rule 4 of the Habeas Rules both appear to support one argument. That is, the Ninth Circuit in *Wright* stated, "[u]nless a petition for habeas corpus reveals on its face that as a matter of law the petitioner is not entitled to the writ, the writ or an order to show cause must issue." *Wright*, 336 F.2d at 881. Rule 4 of the Habeas Rules states:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petition is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

*See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts; *see also McFarland v. Scott*, 512 U.S. 849, 856 114 S. Ct. 2568, 129 L. Ed. 2d 666 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face . . . .") (citing Rule 4 of the Habeas Rules). Petitioner would read this rigidly to mean that any federal writ of habeas corpus presented to a federal court must be reviewed *as submitted* and that, once reviewed, the federal court must either dismiss the petition as without basis for relief or order the respondent to file a response, with no other action possible. That is inconsistent with both *Ex parte Hull*, 312 U.S. at 549, on which Petitioner relies, and with the federal court's "specific and inherent power to control its docket," *supra*.

For example, it is without question that a federal district court may, *sua sponte*, dismiss a habeas petition as time-barred under the Anti-terrorism and Effective Death Penalty Act ("AEDPA").

6

*See Smith v. Johnson*, 247 F.3d 240, 2001 WL 43520, at *2 (5th Cir. 2001) (per curiam) (citing *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999)). However, the Supreme Court has held that before doing so, a district court must accord the petitioner fair notice and an opportunity to present his position. *Day v. McDonough*, 547 U.S. 198, 210, 126 S. Ct. 1675, 164 L. Ed. 2d 376 (2006). That is, to afford the petitioner an opportunity to supplement or amend his petition *before simply ruling on the petition as submitted*. Therefore, the language of Rule 4 of the Habeas Rules and cases following in the vein of the Ninth Circuit's decision in *Wright* does not preclude a federal district court from ordering a petitioner to take some action and file documents aside from his original petition.

In the instant case, for example, the Court followed this very precept. Instead of simply dismissing Petitioner's petition for failure to provide full and complete information on the filing form and his impermissible attempt to incorporate by reference documents not present in the instant case, *see Gooden v. Crain*, 255 Fed. Appx. 858, 862 (5th Cir. 2007) (per curiam) (incorporation of pleadings from outside the current case is not contemplated by Fed. R. Civ. P. 10(c)), the Magistrate Judge ordered the original petition stricken and the Petitioner to file an amended petition. Thus, Petitioner's right to seek habeas relief and the Court's right to manage its docket by requiring the filing of pertinent documents were both preserved. The operation of Local Rule CV-3(b), establishing a flexible length limit on *pro se* filings, is consistent with that action.

Next, Petitioner briefly contends that Local Rule CV-3(b) undermines the "prison mailbox rule," but once again does not explain how that is so. The mailbox rule governs the effective date of filing of an incarcerated prisoner's habeas petition. *See Houston v. Lack*, 487 U.S. 266, 276, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

Generally, its operation recognizes the realities of access to mail and court facilities while in prison and preserves a prisoner's filing date by making it effective as of the date a filing is delivered to the prison mail system. In this case, Petitioner's habeas petition was docketed on March 23, 2011, but carries the signed certification that Petitioner delivered it to the prison mail system on March 17, 2011, which is the effective date of filing in this Court. Even though the Magistrate Judge in this case ordered the original petition stricken due in part to Local Rule CV-3(b), Petitioner's case was filed and his filing date preserved even if he must file an amended petition. He has not shown otherwise, nor how Local Rule CV-3(b) "undermines" the mailbox rule.

Next, Petitioner invokes U.S. Const. art. I, § 9, cl. 2, apparently for his contention that the Court's imposition of Local Rule CV-3(b) impermissibly suspended the writ of habeas corpus in his case. That portion of the Constitution states:

> The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it.

*See* U.S. Const. art. I, § 9, cl. 2 (the "Suspension Clause"). Again, Petitioner has provided no argument in support of his contention whatsoever. However, a limitation does not violate the Suspension Clause unless it "renders the habeas remedy 'inadequate or ineffective' to test the legality of detention." *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000) (per curiam) (analyzing whether the one-year statute of limitations under the AEDPA violates the Suspension Clause) (citing *Miller v. Marr*, 141 F.3d 976, 977 (10th Cir.), *cert. denied*, 525 U.S. 891, 119 S. Ct. 210, 142 L. Ed. 2d 173 (1998)). Petitioner has not argued in any way, much less shown, how Local Rule CV-3(b) makes the habeas remedy inadequate or ineffective for him, especially inasmuch as he has not only been allowed, but directed to file an amended petition for federal habeas relief. *Molo*, 207 F.3d at 775.

8

Through his final argument in this motion, Petitioner invokes U.S. Const. amend. V. He does not state any argument supported by invocation of the Fifth Amendment, but the Court will assume he intends it with regard to his conclusory assertion of a due process violation ("No person shall be . . . deprived of life, liberty, or property, without due process of law . . . ."). Notwithstanding Petitioner's lack of argument, the Court notes that in its most basic terms, "due process" in the context of court proceedings "requires an impartial decisionmaker and a chance to present evidence[.]" *Panetti v. Quarterman*, 551 U.S. 930, 972 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007) (citing *Ford v. Wainwright*, 477 U.S. 399, 427, 106 S. Ct. 2595, 92 L. Ed. 2d 335 (1986) (context of a state sanity proceeding)). The fact that Petitioner was allowed to file his habeas petition in the first instance and that the Magistrate Judge[2] did not simply foreclose a subsequent filing due to Local Rule CV-3(b) but affirmatively directed Petitioner to file an amended habeas corpus petition adequately demonstrates that Petitioner's claim is unsupported.

Separately, Petitioner filed a Motion for Speedy Hearing (docket entry #10). In addition to his notional speedy hearing request, he also cites a number of cases in which various district court local rules have been found to be unconstitutional or otherwise invalid. Once again, he does not actually describe any of the holdings of these cases, nor argue their applicability to his case. Instead he merely cites Fed. R. Civ. P. 83. Rule 83(a)(1) states that local rules must be consistent with federal statutes; Rule 83(a)(2) states that "a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply." He does not show how Local Rule CV-3(b) or its operation in his case is contrary to Rule 83, but simply states, "[m]any

---

[2] To be sure, the Petitioner has moved in his same filing to disqualify the Magistrate Judge for bias or prejudice; however, as the Court determines below, Petitioner's motion is without basis.

local rules have been held invalid for this reason, or because they are inconsistent with the constitution[.]" Motion for Speedy Hearing at 2. However, none of the cases he cites apply to Local Rule CV-3(b) or the facts of Petitioner's case. In *Miner v. Atlass*, 363 U.S. 641, 651, 80 S. Ct. 1300, 4 L. Ed. 2d 1462 (1960), the Supreme Court ruled that a local rule allowing for the taking of depositions where they were not allowed for under the Admiralty Rules was invalid. In *Frazier v. Heebe*, 482 U.S. 641, 646-47, 107 S. Ct. 2607, 96 L. Ed. 2d 557 (1987), the Supreme Court held that a local rule requiring in-state residence for admission to the bar of the district court discriminated against out-of-state attorneys who had passed the state's bar and paid the necessary fees for admission. In *Carter v. Clark*, 616 F.2d 228, 231 (5th Cir. 1980), the Fifth Circuit held that a local rule requiring that all prisoner filings that were required to be verified must be notarized was inconsistent with 28 U.S.C. § 1746, which allowed written declarations simply filed "under penalty of perjury." In *Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991), the Sixth Circuit overruled a district court's *interpretation* of a local rule under which it dismissed a prisoner's civil rights action for failure to respond to a motion. Finally, in *Bailey v. Systems Innovations, Inc.*, 852 F.2d 93, 101 (3d Cir. 1988), the Third Circuit found that an order restricting the parties' actions pursuant to a local rule instead of observing the procedural requirements of injunctive relief violated the First Amendment.

The Court agrees that there have been instances where a local rule, or an interpretation of a local rule, has been overturned on review. However, the cases cited by Petitioner, above, do not support his contention that Local Rule CV-3(b) is unconstitutional as regards his right to file a federal habeas petition. Furthermore, his right to file a habeas petition has not been "lost" due to any failure to comply with the local rule; indeed, he has been directed to file his amended petition and

has been given extensions of time in which to comply with the Court's order. He has not shown any violation or conflict with Fed. R. Civ. P. 83.

For these reasons, Petitioner has failed to show that the flexible page limitation of 20 pages required by Local Rule CV-3(b) is unconstitutional as applied to federal habeas corpus petitions. Therefore, the Court will deny his motion for declaratory judgment.

**II.     DISQUALIFICATION OF MAGISTRATE JUDGE**

Petitioner next moves to disqualify or recuse the Magistrate Judge for bias or prejudice because he "sees the Magistrate's own motion to strike as aiding and assisting the Respondent in violating his constitutional rights and questions her impartiality," citing 28 U.S.C. § 455. *See* Motion at 7. In his declaration, Petitioner further states that "Magistrate Guthrie is well aware of Petitioner's situation from civil action no. 6:10cv22," which was dismissed. *See* Knod Declaration at PageID #93-94 (sequentially attached to Petitioner's motion).

"[I]f the issue of a judge recusing herelf arises [ ] through a motion to recuse under § 455 . . ., the judge has the option to either transfer the matter to another judge for decision or determine it herself." *See Maldonado v. Ashcroft*, 108 Fed. Appx. 221, 222 (5th Cir. 2004) (per curiam) (citing *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 458 n. 7 (5th Cir.1996)), *cert. denied*, 545 U.S. 1133, 125 S. Ct. 2946, 162 L. Ed. 2d 875 (2005). In this case, because Petitioner raised this motion in connection with an effective Fed. R. Civ. P. 72(a) request for review of the Magistrate Judge's order invoking Local Rule CV-3(b), above, the undersigned District Judge will rule on the motion.

The main thrust of Petitioner's motion is that the Magistrate Judge's previous ruling with regard to Local Rule CV-3(b) and his original petition unfavorable to him. Further, it appears he may believe that the Magistrate Judge harbors some bias toward him because of the outcome of his

11

previous case no. 6:10cv22. However, prior adverse judicial rulings alone do not support an allegation of bias under 28 U.S.C. § 455. *Maldonado*, 108 Fed. Appx. At 222. "In order for a judge to be disqualified for bias or prejudice, the bias must stem from an extrajudicial source and result in an opinion on some basis other than what the judge learned in the case." *Crawford v. United States Dept. of Homeland Sec.*, 245 Fed. Appx. 369, 383 (5th Cir. 2007) (per curiam) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S. Ct. 1698, 16 L. Ed. 2d 778 (1966); *United States v. MMR Corp.*, 954 F.2d 1040, 1045 (5th Cir. 1992)), *cert. denied*, 553 U.S. 1054, 128 S. Ct. 2487, 171 L. Ed. 2d 768 (2008). Petitioner's claim of bias, therefore, is merely speculative and conclusory, *Crawford*, 245 Fed. Appx. at 383, and his motion to disqualify the Magistrate Judge will be denied.

III. **MOTION FOR PRODUCTION**

Petitioner next avers that he "will be unable to proceed without reproduction of the record or deficient pleading" because he was unable to keep a copy of his original petition when he mailed it for filing. Motion at 8. Although not required to do so, in this instance, the Court will direct the Clerk to print and mail to Petitioner at no cost the documents filed in docket entries #1 and 2.

IV. **MOTION FOR APPOINTMENT OF COUNSEL**

The final remaining motion raised in this omnibus filing is Petitioner's request for appointment of counsel. The rule governing the appointment of counsel in § 2254 habeas corpus proceedings is Rule 8(c) of the Habeas Rules. The rule provides that the presiding judge shall appoint counsel for a petitioner if an evidentiary hearing is required and the petitioner qualifies for appointment of counsel under 18 U.S.C. § 3006A(g). No evidentiary hearing is currently required here. Accordingly, Petitioner's request will be denied without prejudice to refiling at a later date.

Is it therefore

**ORDERED** that Petitioner's motion for production is **GRANTED** and the Clerk shall print and mail to Petitioner without charge a copy of the documents filed at Docket Entries #1 and 2. It is further

**ORDERED** that all other relief sought in Docket Entry #9 is hereby **DENIED**. It is further

**ORDERED** that Petitioner's Motion for Speedy Hearing (docket entry #10) and letter motion for a ruling (docket entry #11) are **DENIED** as **MOOT**.

**It is SO ORDERED.**

**SIGNED** this 1st day of December, 2011.

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE